IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 96-CR-0174-001-CVE |
| v. ) | |
| ) | USM Number: 07912-062 |
| SHELLIE M. EDMOND, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), in which he requests a reduction of sentence based on retroactive Amendment 599 (Dkt. # 20). Amendment 599 clarifies under what circumstances a defendant sentenced for a violation of 18 U.S.C. § 924(c), in conjunction with a conviction for other offenses, may receive a weapon enhancement contained in the guidelines for those other offenses. This amendment directs that no guideline weapon enhancement should be applied when determining the sentence for the crime of violence or drug trafficking offense underlying the 18 U.S.C. § 924(c) conviction, nor for any conduct with respect to that offense for which defendant is accountable under USSG § 1B1.3. The Sentencing Commission has expressly designated Amendment 599 as an amendment that may be applied retroactively. USSG § 1B1.10, p.s. (2012).[1]  Defendant asserts that the correct application

---

[1] Pursuant to USSG § 1B1.10 Use of the Policy Statement in Effect on Date of Reduction, consistent with subsection (a) of § 1B1.11 (Use of Guidelines Manual in Effect on Date of Sentencing), the court shall use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

of the guidelines will result in a lowering of his sentencing range, making him eligible for a § 3582(c)(2) reduction of sentence.

Defendant pled guilty to a three-count information filed in the Northern District of Oklahoma. Counts one and two charged robbery affecting interstate commerce, in violation of 18 U.S.C. § 1951, and count three charged possession of a firearm during commission of a violent crime, in violation of 18 U.S.C. § 924(c)(1). Defendant's plea was pursuant to a Rule 11(e)(1)(C)[2] binding plea agreement, which was accepted by the court. Defendant and the government agreed to a sentence of 271 months of incarceration. Additionally, defendant admitted to being classified as a career offender, pursuant to USSG §4B1.1. In May 1997, the Court imposed a sentence of 271 months. The base offense level of 29 and criminal history category VI resulted in a sentencing range of 151 to 188 months.[3] In determining of the total offense level, the Court increased the base offense level in count one by five levels pursuant to USSG § 2B3.1(b)(2)(C) for brandishing or displaying a firearm. Count two was also increased by five levels pursuant to USSG § 2B3.1(b)(2)(C) for brandishing or displaying a firearm. See United States v. Alcala, 352 F.3d 1153, 1156 (7th Cir. 2003). The multi-count adjustment for counts one and two was a combined offense level of 29. A correct application pursuant to Amendment 599 would result in a combined offense level of 28. However, defendant's guidelines range was not determined under USSG § 2B3.1. Defendant, as admitted and stipulated to in his binding plea agreement, is a career offender. His guideline range was determined pursuant to USSG § 4B1.1 and correctly calculated to be an offense level 32.

---

[2] This subsection was subsequently renumbered as Rule 11(c)(1)(C).

[3] Count three is a statutory mandatory sentence of 120 months to be served consecutively to counts one and two for a total sentence range of 271 to 308 months. The instant offense involved a saw-off shotgun. 18 U.S.C. § 924(c)(1)(B)(i).

2

Application of Amendment 599 does not have the effect of lowering defendant's applicable guideline range. See United States v. Pleasant, 704 F.3d 808, 813 (9th Cir. 2013).

A reduction of a term of imprisonment is not authorized by 18 U.S.C. § 3582(c)(2) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. USSG § 1B1.10(a)(2)(B). Because defendant's sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission via Amendment 599, this Court does not have jurisdiction to consider a reduction of sentence under § 3582(c)(2).

**IT IS THEREFORE ORDERED** that defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. # 20), is **dismissed due to lack of jurisdiction**.

**DATED** this 24th day of June, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE